## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**AUSTIN BRYCE LANGLEY,**

      **Plaintiff,**

      **v.**                         **CASE NO. 26-3033-JWL**

**WILL MANLY, et al.,**

      **Defendants.**

### MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Shawnee County Jail in Topeka, Kansas.[1] The Court granted Plaintiff leave to proceed in forma pauperis. On February 20, 2026, the Court entered a Memorandum and Order to Show Cause (Doc. 4) ("MOSC") ordering Plaintiff to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. This matter is before the Court on Plaintiff's response (Doc. 5).

Plaintiff's claims relate to his state criminal proceedings. Plaintiff alleges that the prosecutors lied to win a false conviction and to enslave Plaintiff. (Doc. 1, at 1.) Plaintiff claims prosecutors lied by stating that Plaintiff said "I'm about to fucking kill somebody;" lied by saying Plaintiff stabbed the victim twice when one was just a scratch; and lied by saying the victim's pain was 10/10 when it was 5/10. *Id.* at 1, 3. Plaintiff acknowledges that he stabbed the victim, but argues that the victim was only in the hospital for an hour and 21 minutes and only received six stitches. *Id.* at 2. Plaintiff also claims that "not a single organ was touched." *Id.* at 3.

---

[1]Although Plaintiff is a convicted prisoner, it appears that he is currently housed at the Shawnee County Jail for court proceedings. The Kansas Adult Supervised Population Electronic Repository ("KASPER") shows that Plaintiff was transferred from the El Dorado Correctional Facility to Shawnee County on July 29, 2025, for "Court Appearance." *See* https://kdocrepository.doc.ks.gov/kasper/search/detail?offenderID=32799 (last visited March 17, 2026).

Plaintiff alleges that he was convicted of attempted murder in the 1st degree and Level 4 aggravated battery, received a sentence of 55 years and one month, and owes $17,228.45 in restitution. *Id*. at 2–3. Plaintiff claims that "they are also trying to convict [him] of Level 5 Battery on an L.E.O." and for two punches on the ear he is looking at another 11 years. *Id*. at 2. Plaintiff claims that the length of his sentence constitutes cruel and unusual punishment. *Id*.

Plaintiff names as defendants: Will Manley, Deputy District Attorney; Carolyn Smith, Assistant District Attorney; and Kris Kobach, Attorney General of Kansas. For relief, Plaintiff seeks to have the Defendants pay the restitution ordered in his state criminal case. *Id*. at 5.

The Court found in the MOSC that the Court may be prohibited from hearing Plaintiff's claims under *Younger v. Harris*, 401 U.S. 37, 45 (1971). "The *Younger* doctrine requires a federal court to abstain from hearing a case where . . . (1) state judicial proceedings are ongoing; (2) [that] implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues." *Buck v. Myers*, 244 F. App'x 193, 197 (10th Cir. 2007) (unpublished) (citing *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003); *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). "Once these three conditions are met, Younger abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Buck*, 244 F. App'x at 197 (citing *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)).

An online Kansas District Court Records Search shows that Plaintiff's state criminal proceedings are pending. *See State v. Langley*, Case No. SN-2020-CR-1245 (District Court of Shawnee County, Kansas). Plaintiff filed a notice of appeal on December 20, 2024. *Id*. The last docket entry in the case is the December 9, 2025 Order for Records received from the Appellate

Court. *Id*.; *see also State v. Langley*, Case No. 128508 (Kansas Court of Appeals) (the last entry is a January 29, 2026 Order denying Appellant's motion seeking permission to file a supplemental brief).

Plaintiff also mentions that he was charged with battery on an L.E.O. The Court would likewise be required to abstain regarding any claims related to this charge because it appears that Plaintiff's criminal proceedings regarding this charge are ongoing. *See State v. Langley*, Case No. SN-2024-001312 (District Court of Shawnee County, Kansas) (the last entry being the February 25, 2026 Return of Service – Subpoena Criminal).

Plaintiff has not addressed *Younger* abstention in his response. Instead, he argues that he should not have to pay the restitution that was ordered in Case No. SN-2020-CR-1245. He asks the Court to mandate that his $17,228.45 restitution order be dropped:

> or have defendants settle the dispute peacefully by paying the restitution out of pocket, (out of the goodness of heart, and to demonstrate care for those in the community that are so impoverished, that they need to be disburdened, and are drowning in debt), because Deputy District Attorney Will Manly, and Deputy Assistant Carolyn Smith, intentionally lied and abused process over the period of my trial, and once in the appellee brief, to secure for his boss a false conviction.

(Doc. 5, at 1.) As an alternative, Plaintiff asks the Court to lower the restitution to the actual amount that it cost the hospital to drive to the crime scene, the cost of the thread and needle used to suture the victim's wound, and the cost of the victim's pain medication. *Id*. at 2. Plaintiff claims that the actual losses were approximately $2,000. *Id*. at 3. In response to the Court's finding in the MOSC that the Defendants are entitled to Eleventh Amendment and prosecutorial immunity, Plaintiff argues that "there is always a way around immunity." *Id*. at 2.

The Court found in the MOSC that Plaintiff's claims challenging the validity of his sentence in his state criminal case must be presented in habeas corpus. The Court also found that

3

before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477 (1994). If a judgment on Plaintiff's claim in this case would necessarily imply the invalidity of his conviction, the claim may be barred by *Heck*. In *Heck v. Humphrey*, the United States Supreme Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id*. at 487. In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order. *Id*. at 486–87. Plaintiff has not alleged that the conviction or sentence has been invalidated.

The plaintiff in *Nichols v. Baer*, argued that the trial court improperly ordered restitution. *Nichols v. Baer*, 315 F. App'x 738, 740 (10th Cir. 2009) (unpublished). The Tenth Circuit held that the plaintiff's argument was an attack on his underlying convictions and sentence and was barred by *Heck*. *Id*. at 739–40. The Tenth Circuit found that "[i]f a court were to find that Nichols did not owe restitution—that the restitution order was improper—that finding would imply the invalidity of Nichols's conviction or sentence." *Id*. at 740.

Plaintiff's restitution was ordered as part of his sentence in his state criminal case. *See State v. Langley*, Case No. SN-2020-CR-1245 (District Court of Shawnee County, Kansas). The state criminal court ordered Plaintiff to pay $17,228.45 in restitution to the victim and the Crime Victims Compensation Board. *Id*. at June 20, 2024 Kansas Sentencing Guidelines Journal Entry

4

of Judgment. Therefore, the *Heck* bar applies to Plaintiff's attack on his restitution order in this case. *See Garland v. Cate*, 585 F. App'x 400, 401 (9th Cir. 2014) (finding that the district court properly dismissed as *Heck*-barred plaintiff's claim challenging the validity of his restitution fine); *Cobble v. Bennett*, 2021 WL 3713533, at *4 (W.D. Ken. 2021) ("Cobble's challenge to the restitution ordered in his federal criminal case and his demand for recovery of the amount of restitution already collected are likewise barred by the doctrine articulated in *Heck*"); *Miller v. Washington Cty. Va. Victims Assistance Dir.*, 2020 WL 4572361, at *2 (W.D. Va. 2020) ("regardless of whether Miller is challenging his 2012 original criminal sentence or his 2019 revocation sentence, Miller's claim is barred by *Heck*"); *Perez v. Ducart*, 2019 WL 3457841, at *4 (N.D. Cal. 2019) ("Because Plaintiff is challenging the validity of the restitution aspect of his conviction and the conviction has not been invalidated, his due process claim is subject to the *Heck* bar."); *Blaney v. Killeen*, 2016 WL 6609235, at *2 (E.D. Mich. 2016) (finding that plaintiff's conviction was intertwined with his restitution and an attack on the lawfulness of the restitution order was barred by *Heck*).

Plaintiff has failed to show good cause why his Complaint should not be dismissed for the reasons set forth in the Court's MOSC.

**IT IS THEREFORE ORDERED** that this matter is **dismissed without prejudice.**

**IT IS SO ORDERED**.

**Dated March 17, 2026, in Kansas City, Kansas.**

> **S/ John W. Lungstrum**
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**